UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**JAIME FIGUEROA SALGADO,**
individually and on behalf of
all those similarly situated,

      **Plaintiff,**

    v.                                                      Case No. 23-CV-1672

**HIS COMP LLC, D/B/A H.I.S. COMP, LLC**

**B - E CONTROLS LLC,**

    and

**GERALD T. THULL,**

      **Defendants.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

## PRELIMINARY STATEMENT

    1.    This is a collective and class action brought by Plaintiff, Jaime Figueroa, individually and on behalf of the proposed classes identified below. Plaintiff and the putative collective and class members ("Plaintiffs") were employees of Defendants, HIS Comp LLC, B - E Controls LLC and Gerald T. Thull, at times since December 13, 2020. While employing Plaintiffs since that time, Defendants have had uniform policies and practices of failing to pay overtime premium wages in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour law. As a result, Defendants have failed and continue to fail to properly compensate Plaintiff and the putative class members for all hours worked.

## JURISDICTION AND VENUE

2. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as Plaintiff's FLSA claims.

3. Venue is proper in the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4. Plaintiff Jaime Figueroa Salgado ("Plaintiff") is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff is a former employee of Defendants and has consented in writing to assert claims for overtime wages under the FLSA. His consent form is filed as **Exhibit 1**.

5. Defendant HIS Comp LLC d/b/a H.I.S. Comp LLC (HIS Comp) is a domestic limited liability company with its principal place of business located in Saukville, Wisconsin. HIS Comp's registered agent for service of process is B - E Controls LLC located at 350 S. Tower Street, Suite 3, Saukville, WI 53080-2500.

6. On information and belief, HIS Comp has had annual sales of at least $500,000 at all times since 2020.

7. Defendant B - E Controls LLC ("B – E Controls") is a domestic limited liability company with the same principal place of business in Saukville, Wisconsin as HIS Comp. B – E Controls's registered agent for service of process is Mary J. Schwartz located at 350 S. Tower Street, Suite 3, Saukville, WI 53080-2500.

8. On information and belief, B - E Controls has had annual sales of at least $500,000 at all times since 2020.

9. Defendant Gerald T. Thull is an adult resident of Wisconsin. On information and belief, Defendant Thull has owned and operated HIS Comp and B - E Controls at all relevant times and has acted directly or indirectly in the interest of HIS Comp and B - E Controls in relation to Plaintiff and the putative class members and collective members—including exercising control over their policies and practices pertaining to hours work and compensation paid.

10. HIS Comp, B - E Controls, and Defendant Thull were joint employers of Plaintiff, the putative class members, and collective members and will be collectively referred to herein as "Defendants."

11. The FLSA Overtime Wage Class is defined as:

> All persons who worked as roofers, crew leaders, and/or foremen and who has worked more than forty hours in a workweek for Defendants, at any time since December 13, 2020.

12. The Wisconsin Overtime Class is defined as:

> All persons who worked as roofers, crew leaders, and/or foremen and who has worked more than forty hours in a workweek for Defendants, at any time since December 13, 2021.

## FACTUAL ALLEGATIONS

13. Plaintiff and members of the FLSA Overtime Class worked for Defendants performing roofing services at times since December 13, 2020.

14. Plaintiff and members of the Wisconsin Overtime Class worked for Defendants performing roofing services at times since December 13, 2021.

3

15. HIS Comp provides residential and commercial roofing services in Southeast Wisconsin.

16. B - E Controls provides general contracting services in the Southeast Wisconsin.

17. HIS Comp and B – E Controls have been commonly owned by Defendant Thull and have jointly exercised control over Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class at all times since December 13, 2020.

18. At all times since December 13, 2020, Defendants have utilized building materials that have traveled through interstate commerce.

19. At all times since December 13, 2023, Defendants have had uniform pay policies and practices applicable Plaintiff, the Wisconsin Overtime Class, and FLSA Overtime Class.

20. Defendants paid Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class at agreed upon hourly rates for hours worked at all times since December 13, 2020.

21. Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class have worked more than forty hours in various workweeks since December 13, 2020.

22. Despite allowing Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class to work more that forty hours in various workweeks, Defendants have failed and refused to pay Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class overtime premium compensation as required by the FLSA and/or Wisconsin law.

23. Rather, Defendants have paid Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class the same hourly rate regardless of the number of hours worked each workweek in many workweeks since December 13, 2020.

24. Since December 13, 2020, Defendants have paid Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class via multiple paychecks—one from HIS Comp and one

4

from B – E Controls—in many pay periods in which Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class have worked overtime hours without including overtime premium payments.

25. Defendants have paid Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class via separate pay checks at times since December 13, 2020 despite the fact that Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class have not performed separate duties for HIS Comp or B – E Controls during those pay periods.

26. As an illustrative example, during the two-week pay period from October 16, 2022 through October 29, 2022, Plaintiff Jaime Figueroa Salgado worked 97.5 hours of roofing services for HIS Comp, of which 17.5 hours were overtime hours. HIS Comp paid Mr. Figueroa $38.00 per hour for 67 hours, a total of $2,546.00. B - E Controls paid Mr. Figueroa $38.00 per hour for 30.50 hours, a total of $1,159.00. Defendants failed to pay $332.50 in overtime premium compensation in this pay period.

27. Defendant Thull has had and continues to have control over the day-to-day operations of HIS Comp and B - E Controls at all times since December 13, 2020.

28. Defendant Thull had and continues to have control over the human resources and compensation aspects of HIS Comp and B - E Controls, including those compensation policies and practices alleged herein as they relate to Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class.

29. On information and belief, Defendant Thull determined the rates and methods of compensation for Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class, and determined that Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class would

5

not be paid overtime premium compensation when they worked more than forty hours in a workweek.

30. Defendants actions as alleged herein were willful, dilatory, and unjust and have caused damages in unpaid overtime premiums to Plaintiff, the FLSA Overtime Class, and the Wisconsin Overtime Class at times since December 13, 2020.

## COLLECTIVE ALLEGATIONS

31. Plaintiff and the FLSA Overtime Class that he brings this action on behalf of are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked at the proper overtime rates. The claims of Plaintiff stated herein are the same as those of the FLSA Overtime Class he seeks to represent.

32. Plaintiff and the FLSA Overtime Class seek relief on a collective basis and challenge Defendants' policies and practices which lead and have led to FLSA overtime violations.

33. As a result of the above-alleged uniform pay practices, Defendants have failed to pay Plaintiff and the FLSA Overtime Class the required overtime wages for all hours worked.

34. The FLSA 216(b) FLSA Overtime Class is readily ascertainable. For purpose of notice and other purposes related to this action, their names, last known phone numbers, social security numbers, last known email addresses, and last known mailing addresses are readily available from Defendants. Notice can be provided to the FLSA Overtime Class via first class mail to the last address known to Defendants, email, and through posting at Defendants' facilities in areas where postings are normally made.

## CLASS ALLEGATIONS

35. Plaintiff brings the Second Claim for Relief individually and on behalf of the Wisconsin Overtime Class pursuant to Federal Rule of Civil Procedure 23(a) and (b).

36. The persons in the Wisconsin Overtime Class are so numerous that joinder of each class's members is impracticable.

37. There are questions of law and fact common to the Wisconsin Overtime Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

    a. Whether Defendants maintained a common practice and policy of not paying overtime premium compensation;

    b. The proper measure of damages sustained by Plaintiff and members of the putative class; and

    c. Whether Defendants acted for dilatory or other unjust reasons.

38. Plaintiff's claims are typical of those of the Wisconsin Overtime Class. Plaintiff, like other members of the Wisconsin Overtime Class, was subjected to Defendants' illegal pay policy and practice resulting in a wage loss, including Defendants' policy of not paying overtime premium compensation.

39. Plaintiff will fairly and adequately protect the interests of the Wisconsin Overtime Class and has retained counsel experienced in complex wage and hour litigation.

40. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation, where individual plaintiffs, particularly those with relatively small claims, typically lack the financial

7

resources to vigorously prosecute separate lawsuits in federal court against a large and wealthy corporate defendant.

41. Certification of the Wisconsin Overtime Class is appropriate under Rule 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Wisconsin Overtime Class the wages for work performed to which they are entitled. The damages suffered by each class member are small compared to the expense and burden of individually litigating each class member's claim. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' pay practices.

42. Plaintiff intends to send notice to all members of the Wisconsin Overtime Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

43. Plaintiff, individually and on behalf of the FLSA Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

44. Defendants have been, and continues to be, an employer within the meaning of 29 U.S.C. § 203(d) at all relevant times.

45. HIS Comp has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) at all relevant times.

46. B – E Controls has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) at all relevant times.

47. Plaintiff and the members of the FLSA Overtime Class are or were employees of Defendants within the meaning of 29 U.S.C. § 203(e) at all relevant times.

48. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of forty hours per workweek.

49. Plaintiff and members of the FLSA Overtime Class are not exempt from the overtime pay requirements of the FLSA.

50. During the applicable statute of limitations up to and continuing through the present, Plaintiff and the members of the FLSA Overtime Class performed work in excess of forty hours in at least one workweek since December 13, 2020.

51. During the applicable statute of limitations up to and continuing through the present, Defendants did not pay Plaintiff and members of the FLSA Overtime Class one-and-one-half times their regular rate of pay for all hours worked in excess of forty per workweek at times since December 13, 2020.

52. The foregoing practice violates the FLSA.

53. Defendants' violation of the FLSA was willful.

54. Because of these violations, Plaintiff and members of the FLSA Overtime Class have suffered and continue to suffer wage loss.

### SECOND CLAIM FOR RELIEF: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WISCONSIN LAW

55. Plaintiff, individually and on behalf of the Wisconsin Overtime Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

56. Plaintiff, on behalf of himself and members of the Wisconsin Overtime Class, re-alleges and incorporates by reference all previous paragraphs as if they were set forth herein.

57. Since December 13, 2021, Plaintiff and members of the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 109.01 et seq.

58. Since December 13, 2021, Plaintiff and the members of the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

59. Since December 13, 2021, Plaintiff and the members of the Wisconsin Overtime Class were employees within the meaning of Wis. Stat. §§ 104.01 *et seq.*

60. Since December 13, 2021, Plaintiff and the members of the Wisconsin Overtime Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

61. Since December 13, 2021, Plaintiff and the members of the Wisconsin Overtime Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

62. Since December 13, 2021, Defendants have been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

63. Since December 13, 2021, Defendants have been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

64. Since December 13, 2021, Defendants have been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

65. Since December 13, 2021, Defendants have been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

66. Since December 13, 2021, Defendants have been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

67. Since December 13, 2021, Defendants have employed, and/or continue to employ, Plaintiff and the members of the Wisconsin Overtime Classes as within the meaning of Wis. Stat. §§ 109.01 *et seq.*

68. Since December 13, 2021, Defendants have employed, and/or continue to employ, Plaintiff and the members of the Wisconsin Overtime Class as within the meaning of Wis. Stat. §§ 103.001 *et seq.*

69. Since December 13, 2021, Defendants have employed, and/or continue to employ, Plaintiff and the members of the Wisconsin Overtime Class as within the meaning of Wis. Stat. §§ 104.01 *et seq.*

70. Since December 13, 2021, Defendants have employed, and/or continue to employ, Plaintiff and the members of the Wisconsin Overtime Class as within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

71. Since December 13, 2021, Defendants have employed, and/or continue to employ, Plaintiff and the members of the Wisconsin Overtime Class as within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

72. Since December 13, 2021, Defendants had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules which willfully, dilatorily, and unjustly fail to properly pay Plaintiff and the members of the Wisconsin Overtime Class the proper overtime rate for all hours worked in excess of forty in a workweek.

73. Wis. Stat. §109.03 requires payment of all wages earned by the employee, at the latest, to a day not more than 31 days prior to the date of payment.

74. The foregoing conduct, as alleged above, constitutes continuing willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

75. As set forth above, Plaintiff and members of the Wisconsin Overtime Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff, on behalf of himself and the Wisconsin Overtime Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

76. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Overtime Class are entitled to civil penalties equal and up to fifty percent (50%) of the unpaid wages.

77. Plaintiff, on behalf of himself and the Wisconsin Overtime Class, seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to Wis. Stat. § 109.03(6).

## DEMAND FOR RELIEF

Plaintiff demands the following relief:

A. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Class;

B. An order certifying this action as a class action on behalf of the proposed the Wisconsin Overtime Class under Federal Rule of Civil Procedure 23(b)(3);

C. An order designating Jaime Figueroa Salgado as representative of the Wisconsin Overtime Class;

D. An order designating Hawks Quindel, S.C. as class counsel for the Wisconsin Overtime Class;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. An order finding that Defendants violated the FLSA and Wisconsin wage-and-hour laws;

G. Judgment against Defendants in the amount equal to the unpaid wages owed to Plaintiff and members of the FLSA Overtime Class and the Wisconsin Overtime Class;

H. An award in the amount of all liquidated damages and penalties as provided under the FLSA and Wisconsin wage-and-hour laws;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

J. Such further relief as the Court deems just and equitable.

Dated this 13th day of December, 2023.

Respectfully submitted,

**HAWKS QUINDEL S.C.**

s/Timothy P. Maynard
Timothy P. Maynard, SBN 1080953
Martha L. Burke, SBN 1121510
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail: tmaynard@hq-law.com
mburke@hq-law.com