UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**JAIME FIGUEROA SALGADO,**
individually and on behalf of
all those similarly situated,

    **Plaintiff,**

    v.                                               Case No. 23-CV-1672

**HIS COMP LLC, D/B/A H.I.S COMP, LLC,**
**B - E CONTROLS LLC,**

    and

**GERALD T. THULL,**

    **Defendants.**

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS, DISMISSAL WITH PREJUDICE, AND REQUEST FOR MANDATORY INJUNCTION

    Pursuant to FED. R. CIV. P. 7(b) and 65(d) and Civ. L. R. 7, the Parties, by undersigned counsel and/or representatives, hereby respectfully move the Court for an Order to (a) approve their Settlement Agreement; (b) award Attorneys' fees and costs to Plaintiffs; (c) upon approval of the Settlement Agreement and an award of attorneys' fees and costs, dismiss this action with prejudice and without further costs to any party pursuant to FED. R. CIV. P. 41, and (d) enter a mandatory junction allowing this Court to maintain jurisdiction for the purpose of enforcing the settlement agreement. In support of this motion, the Parties state as follows:

    1.    This is an action brought, in part, under the Fair Labor Standards Act ("FLSA"). The Parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, the Plaintiffs are required to dismiss their FLSA claims and Wisconsin wage and hour

law claims with prejudice and release the Defendants from any further liability under the FLSA and Wisconsin wage and hour laws for the time period in question. A copy of the parties' Settlement and Release Agreement is being filed as Exhibit A to this motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

2. In reviewing proposed settlement agreements, courts "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the parties. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted). Resolution of litigation by settlement is favored by the federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996). Other factors considered are the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement funds to a possible recovery in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

3. Because the Parties believe they have reached a fair, reasonable, and adequate resolution of disputed issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice.

4. Pursuant to Civ. L. R. 7, the Parties hereby certify that this joint motion is submitted without a supporting memorandum of law in order to avoid further incurring attorneys' fees and costs which would accrue in briefing this Settlement Agreement to the Court

and which, if incurred, may otherwise be a barrier to the parties' ability to resolve this matter in a mutually agreeable manner.

5. Defendant HIS Comp LLC d/b/a H.I.S. Comp LLC ("HIS Comp") provides residential and commercial roofing services in Southeast Wisconsin.

6. Defendant B – E Controls LLC ("B – E Controls") provides general contracting services in Southeast Wisconsin.

7. Plaintiffs allege that Gerald T. Thull has sufficient operational control of HIS Comp and B - E Controls to be their employer within the meaning of the FLSA and Wisconsin law.

8. Named Plaintiff Jaime Figueroa and Opt-In Plaintiffs Bernadino Lopez, Juan Mendez, Wilberth Rivera, Michael Solano, Oscar Suarez, and Clemente Gomez, (collectively "Plaintiffs") worked for Defendants as roofers at times since December 13, 2020.

9. On December 13, 2023, Plaintiff Figueroa filed a collective and class action lawsuit alleging that Defendants failed to pay him and other Roofers at the mandated overtime rates for all hours worked in excess of forty in a workweek and recorded in Defendants' timekeeping system.

10. As of January 26, 2024, 6 other opt-in plaintiffs had joined Plaintiff Figueroa's lawsuit: Bernadino Lopez, Juan Mendez, Wilberth Rivera, Michael Solano, Oscar Suarez, and Clemente Gomez.

11. Shortly after being served with the aforementioned complaint, Defendants' accountant, Mark Schmidt, serving as a representative of Defendants, reached out to counsel for Plaintiffs to gauge Plaintiffs' interest in resolution of this matter. While Defendants have not filed

an answer to Plaintiffs' complaint, the Parties agreed to seek a stay of the litigation in order to discuss resolution of this matter.

12. Counsel for Plaintiffs and Defendants, by and through their representative, Mr. Schmidt, have held several early discussions related to the early and cost-effective resolution of this matter, including Defendants' production of available time and payroll records for Plaintiffs.

13. Plaintiffs' Counsel analyzed voluminous time and payroll records provided by Defendants in order to evaluate their claims and engage in good faith settlement discussions with Defendants.

14. After altering and reformatting Defendants' time records into a more easily analyzed format, Plaintiffs' Counsel also compiled Defendants' time and pay records to determine workweeks in which Plaintiffs arguably were undercompensated for overtime hours worked and recorded as alleged in the complaint.

15. Plaintiffs' Counsel was required to perform substantial alterations to Defendants' time records for the Plaintiffs in order to determine total weekly hours worked, including converting text files to excel files and converting semi-monthly records to weekly records for purposes of determining hours worked and when overtime work occurred.

16. During settlement discussions, the Parties identified a number of disputes that were likely to impact the litigation of this matter moving forward, including:

    a. The applicable statute of limitations applicable to Plaintiffs' claim under the FLSA;

    b. The amount of hours worked by Plaintiffs on a weekly basis during the applicable statutory period(s) at issue;

      c.      Whether Plaintiffs are entitled to the recovery of liquidated damages for any of their claims under the FLSA;

      d.      Whether Plaintiffs are entitled to recovery of agreed-upon wages under Wisconsin law; and

      e.      Whether Plaintiffs are entitled to recovery of civil penalties for any of their claims under Wisconsin law.

17. Counsel for the Plaintiffs are experienced in litigating collective and class action wage and hour lawsuits under the FLSA and Wisconsin law. Based on their experience, Counsel for Plaintiffs facilitated arms-length, good faith settlement negotiations with Defendants' representative in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation.

18. Defendants voluntarily chose to engage in settlement negotiations and to enter the settlement agreement to resolve Plaintiffs' claims by and through Mr. Schmidt and without the assistance of counsel in order to reduce their costs of defense.

19. Defendants, by their undersigned representative, have had the opportunity to review this motion and explicitly agreed to the adding of their representative's electronic signature via email so that the Parties could jointly file this motion.

20. Once Plaintiffs' Counsel had analyzed the potential damages and provided its damages calculations to Defendant's representative for review, the Parties agreed to a common fund settlement of $90,000.00 to resolve the Plaintiffs' claims as alleged in the Complaint (as well as the alleged Wisconsin wage law violations identified during Plaintiffs' Counsel's review of the available time and payroll records).

5

21. Settlement funds have been allocated to the Plaintiffs based on a pro-rata basis in light of Plaintiffs' Counsel's review of the Defendants' time and payroll records for the Plaintiffs in the statutory period.

22. After attorneys' fees and costs, Plaintiffs will receive the following payments under the Parties' settlement:

| NAME | W2 | 1099 | TOTAL |
|---|---|---|---|
| Jaime Figueroa | $11,233.97 | $11,233.97 | $22,467.95 |
| Bernadino Lopez | $3,777.24 | $3,777.24 | $7,554.48 |
| Juan Mendez | $6,925.63 | $6,925.63 | $13,851.27 |
| Wilberth Rivera | $2,576.08 | $2,576.08 | $5,152.15 |
| Michael Solano | $2,254.44 | $2,254.44 | $4,508.87 |
| Oscar Suarez | $1,012.93 | $1,012.93 | $2,025.86 |
| Clemente Gomez | $1,948.01 | $1,948.01 | $3,896.03 |

23. In addition, Plaintiffs' Counsel will receive 1/3 of the common settlement fund ($30,000.00) in attorneys' fees plus $543.40 in costs incurred.

24. Attorneys' fees and costs are also recoverable under the FLSA and Wisconsin wage and hour laws. *See* 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6). Plaintiffs "who favorably settle their cases, are entitled to reasonable attorney's fees under the FLSA." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

25. Counsel seeks approval for $30,000.00 in attorney fees, which represents one-third of the common settlement fund. This is consistent with the market rate for plaintiff-side wage and hour litigation. *See, e.g.*, *Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) ("[M]ost suits for damages in this country are handled on the plaintiff's side on a contingent-fee basis…The typical contingent fee is between 33 and 40 percent."); *see, e.g.*, *Webb v. Midwestern Wheels*, 15-cv-1538, ECF No. 40 (June 9, 2016) (order approving 1/3 contingency fee in multi-

plaintiff FLSA settlement); *Adams, et al. v. Walgreen Co. d/b/a Walgreens*, 14-cv-1208-JPS, ECF No. 35 (July 15, 2015) (same); *Hernandez v. La Fuente, Ltd.*, 13-CV-366-RTR, ECF No. 102 (E.D. Wis. Oct. 15, 2014) (same); *Beierle v. BR Metal Tech.*, 13-CV- 01280-CNC, ECF No. 40 (E.D. Wis. June 26, 2014) (same); *Trujillo v. Saelens Corp.*, 13-CV-1096-JPS, Dkts. 25, 37 (E.D. Wis. May 15, 2014) (same); *McKinney v. Med Group Transportation, LLC*, et al., 13-CV-222-JPS, Dkts. 89, 90, 91, 92, (E.D. Wis. Feb. 7, 2014) (same); *Denk v. Pine Ridge Assisted Living, et al.*, 3:11-cv-00210-wmc, ECF No. 83 (W.D. Wis. August 7, 2012) (same).

26. In addition, the Seventh Circuit has determined "that expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in his hourly billing rates - expenses for such things as postage, long-distance calls, Xeroxing, travel, paralegals, and expert witnesses - are part of the reasonable attorney's fee" *Heiar v. Crawford County,* 746 F.2d 1190, 1203 (7th Cir. 1984).

27. Plaintiffs' Counsel has incurred $543.40 in costs in this matter due in filing fees and process server fees. *See* Maynard Decl., ECF No. 14—1, Ex. A.

28. The Settlement Agreement represents a fair resolution of Plaintiffs' claims in light of the foregoing and the bona fide legal and factual disputes that exist with regard to Plaintiffs' claims.

29. The Settlement Agreement is between the Plaintiffs and the Defendants only. Potential class members that have not joined the Lawsuit are not subject to, nor bound by, the Settlement Agreement.

30. Finally, both Parties move the Court to enter a mandatory injunction as detailed in Plaintiffs' proposed order for the Court to retain jurisdiction for the purpose of enforcing the terms of the settlement agreement and its mandatory injunction.

WHEREFORE, for all the foregoing reasons, Plaintiffs and Defendants request that the Court enter an Order approving the Settlement Agreement, awarding attorneys' fees and costs as requested herein, dismissing the case with prejudice and without further costs to either party pursuant to FED. R. CIV. P. 41, and granting a permanent injunction for this Court to maintain jurisdiction for the purpose of enforcing the settlement agreement.

Dated this 26th day of March, 2024.

Respectfully submitted,

**HAWKS QUINDEL S.C.**

s/Timothy P. Maynard
Timothy P. Maynard, SBN 1080953
Martha L. Burke, SBN 1121510
Attorneys for Plaintiff

Hawks Quindel, S.C.
5150 North Port Washington Road, Suite 243
Milwaukee, WI 53217
Telephone: (414) 271-8650
Fax: (414) 207-6079
E-mail:      tmaynard@hq-law.com
             mburke@hq-law.com


Respectfully submitted,

**On behalf of Defendants:**

s/ Mark Schmidt
Accountant for Defendants
5700 Highway K
Hartford, WI 53027
Telephone: (262) 644-5297
E-mail:      mark@his-llc.com